UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Theodore Wagner, #98565-071, | ) C/A No. 3:08-3235-GRA-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| United States of America, | ) |
| | ) |
| Defendant. | ) |

### Introduction

The plaintiff, Theodore Wagner, proceeding *pro se*, brings this civil action for a declaratory judgment.[1] Plaintiff is an inmate at a federal correctional institution in Seagoville, Texas, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names the United States of America as the defendant.[2] Essentially, the plaintiff claims that several federal statutes are unconstitutional because they violate the First Amendment. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*,

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

      The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  Section 1915(e)(2)(B).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).  Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Thus, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

      This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys.  *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*.  Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.  The mandated

liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Factual Background

On August 14, 2002, Theodore Wagner pled guilty in this District Court before United States District Judge Patrick Michael Duffy to one count of production of child pornography and one count of possession of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(b). *See United States v. Wagner*, C/A No. 2:02-cr-181-PMD at Docket Entry 36. United States District Judge Duffy sentenced the plaintiff to 151 months imprisonment and to a term of supervised release of three years to run concurrently on each count, and the plaintiff appealed. The Fourth Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Wagner*, 2004 WL 324705 (4th Cir. Feb. 23, 2004). The plaintiff filed a habeas petition pursuant to 28 U.S.C. § 2255 on February 8, 2005. On June 22, 2005, Judge Duffy granted the government's motion to dismiss the habeas petition. *See Wagner v. United States*, C/A No. 2:05-404. The plaintiff appealed, and the Fourth Circuit Court of Appeals on October 31, 2005, denied a certificate of appealability and

3

dismissed the appeal. Plaintiff continued to file motions, petitions for rehearing, and/or petitions for writ of certiorari. They are not outlined here because they are not pertinent to this action.

The plaintiff's case *sub judice* seeks a declaratory judgment action pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. Additionally, plaintiff seeks to "end the ongoing conspiracy to oppress the Commanded protection of the 1st Amendment right to Petition, Vacate my sentence with prejudice, and grant all relief requested in Ground One and Ground Two" which are outlined below.

The plaintiff has also filed a motion for recusal of United States District Judge Michael P. Duffy, who sentenced him, although this case has not been assigned to Judge Duffy. *See* Docket Entry 4.

The plaintiff's complaint is filed on a form used by federal prisoners who seek to vacate, set aside, or correct their sentences. Plaintiff however, makes it clear on the first page of his pleading that he is attempting to file a "1st Amendment Grievance." He raises two grounds.

First, he alleges that he is being held in violation of the First Amendment's command that "'Congress Shall Make No Law Respecting' the People Right to Petition and all it protects." According to the plaintiff the "Antiterrorism and Effective Death Penalty Act (AEDPA), the Habeas Corpus Act, or any other law made by congress to unlawfully oppress the Habeas Corpus Petition for Redress as presented" are unconstitutional.

Secondly, plaintiff claims he is presenting newly discovered evidence. He alleges that his state and federal public defenders recommended he plead to both state and federal charges, or he would be sentenced separately, which would extend the length of his incarceration. Plaintiff alleges

4

this agreement was "never honored". He alleges he "served [his] whole sentence after it was vacated by the State."

## Discussion

"Federal courts are not comprised of philosopher-kings or legislative aides, and the Constitution forbids us from pontificating about abstractions in the law or merely giving advice about the potential legal deficiencies of a law or policy when no ongoing controversy exists with respect to that law or policy." *Incumaa v. Ozmint*, 507 F.3d 281, 289 (4th Cir. 2007). Federal courts must decide live controversies and must avoid giving advisory opinions on abstract propositions of law. *Id.* at 287. This Court recognizes that a declaratory judgment action may be properly brought to determine the constitutionality of a statute because the purpose of the Declaratory Judgment Act is to ameliorate the dilemma of a plaintiff having to choose between abandoning his rights or risking prosecution. *Medimmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764, 772-73 (2007). Of course, a declaratory judgment action must still satisfy Article III's case-or-controversy requirement.[3] *Id.* at 770.

In order to satisfy Article III's case-or-controversy requirement for a declaratory judgment action, the Supreme Court stated, "'[b]asically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* at 771 (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941)).

---

[3] The Fourth Circuit held that for a district court to have jurisdiction to issue a declaratory judgment two conditions must be satisfied. One, Article III "case or controversy" must be satisfied and, secondly, the "prudential" inquiry by the trial court that declaratory relief is appropriate. *White v. National Union Fire Ins. Co.*, 913 F.2d 165, 167 (4th Cir. 1990). The undersigned does not examine the "prudential" inquiry because the Article III requirement is lacking.

Stated again, the dispute must be "'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Id.* (quoting *Aetna Life Ins. Co. V. Haworth*, 300 U.S. 227, 240-41 (1937)).

The two grounds which plaintiff raises, and for which he seeks a declaration, are issues for which the plaintiff could seek a certificate of appealability from the Fourth Circuit Court of Appeals. Since this is the case, the issues he raises concern matters about which he may file an action in the future. Clearly, this Court should not issue an advisory opinion concerning any of those matters because binding legal precedent prohibits this Court from doing so. The plaintiff may raise his arguments about the AEDPA being unconstitutional in those actions where a court actually may apply the AEDPA to his case. *See Calderon v. Ashmus*, 523 U.S. 740, 746 (1998) (holding where a prisoner's real controversy is whether he is entitled to habeas relief setting aside his sentence or conviction, that prisoner cannot bring a declaratory judgment action for the purpose of determining "a collateral legal issue governing certain aspects of [his] pending or future [habeas] suits"). Accordingly, there is no real controversy of sufficient immediacy and reality to warrant this declaratory judgment action in this civil rights suit.[4]

This action should be summarily dismissed because the gravamen of the plaintiff's action appears to be that he is challenging his federal incarceration. The plaintiff believes that his concluded § 2255 proceeding essentially was a sham, and he recognizes that before he can file a

---

[4] Moreover, the Supreme Court has determined that the AEDPA is constitutional. *See Felker v. Turpin*, 518 U.S. 651 (1996). Further, the PLRA has passed constitutional muster. *See Miller v. French*, 530 U.S. 327, 350 (2000); *Roller v. Gunn*, 107 F.3d 227 (4th Cir. 1997).

6

successive habeas petition the statute requires that he obtain permission from a three-judge panel of the Court of Appeals. The plaintiff cannot bring a declaratory judgment action to circumvent the habeas statutory requirements; accordingly, this action fails to state a claim upon which relief may be granted. *See Calderon v. Ashmus*, 523 U.S. 740, 746 (1998) (noting that "we have held that any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code") (citing *Preiser v. Rodriquez*, 411 U.S. 475 (1973)). *See also Martin v. Swenson*, 335 F.Supp. 765 (W.D. Mo. 1971).

Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive or second § 2255 petitions. Before the petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he ***must*** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit. The petitioner can obtain the necessary forms for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia.

It is recommended that the dismissal of this case be deemed a strike pursuant to 28 U.S.C. § 1915(e)(2) and (g). These provisions require an inmate to pay the filing fee for his case in advance after he has had three cases "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Id. This is plaintiff's **third** action filed in this District Court against the same defendant raising an almost identical issue – that his First Amendment right to petition the government for a redress of grievances has been violated. *See Wagner v. United States*, C/A No. 3:06-2838-PMD and *Wagner v. United States*, C/A No. 3:08-2176-GRA-JRM. The above-captioned

case is subject to summary dismissal for the same reasons the complaint filed in Civil Action No. 3:08-2176-GRA-JRM was subject to summary dismissal. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, *supra*, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, *supra*, 425 F.2d at 1296. *See also United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Pursuant to 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), it is further recommended that this action be deemed a "strike" pursuant to 28 U.S.C. § 1915(g).

October 31, 2008                                                  Joseph R. McCrorey
Columbia, South Carolina                                    United States Magistrate Judge

***The plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).