UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Theodore Wagner, #98565-071, | ) | C/A No.: 3:08-cv-3235-GRA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
|   | ) | |

     This matter is before the Court for a review of the magistrate judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(e), D.S.C. filed on October 31, 2008. Plaintiff, who is incarcerated at a federal correctional institution in Seagoville, Texas, filed this action pursuant to 28 U.S.C. § 1915 on September 11, 2008. For the reasons stated below, this action is DISMISSED WITHOUT PREJUDICE and WITHOUT SERVICE OF PROCESS.

     Plaintiff brings this appeal *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Cruz v. Beto*, 405 U.S. 319 (1972).

     The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final

determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, a party must file with the clerk of court written objections that specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Plaintiff has submitted a response to the Report and Recommendation in which he objects to the magistrate judge's Report and Recommendation. The plaintiff's first objection is that he filed a "1st Amendment Grievence" [sic] (Obj. P. 2) on a 2255 form

but the magistrate treated it as a common civil suit.  The plaintiff states in his objections that his grievance "was filed as a habeas corpus petition." However, the plaintiff filed the suit *in forma pauperis* and the magistrate construed it as a grievance pursuant to §1983.  Since the plaintiff is challenging his confinement and claims he is entitled to immediate release and states that the petition is in fact a habeas corpus petition brought pursuant to 28 U.S.C § 2255, the Court will treat the petition as a Habeas Petition.  A challenge to confinement must be brought under Title 28 of the United States Code. [1]

The plaintiff has already filed a petition pursuant to Title 28 section 2255.  A prisoner may challenge the validity of a federal conviction or sentence by filing a habeas corpus petition pursuant to 28 U.S.C. § 2255.  However, Congress has significantly limited a prisoner's ability to file second or successive § 2255 petitions. In order to file a viable successive petition, the petitioner's motion must be certified by the Court of Appeals.  *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003); *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999) (citing  28 U.S.C. § 2244(b)(3)).  The petition for certification must contain: (1) "newly discovered

---

[1] A § 2255 action is the appropriate mechanism for "a prisoner in custody[,] under sentence of a court established by [an] Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution[,] . . . to vacate, set aside[,] or correct the sentence." 28 U.S.C. § 2255. In deciding a § 2255 motion, the court may summarily dismiss the motion "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.

evidence . . . [that] would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255.  "In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."  *Winestock*, 340 F.3d at 205 (citing Evans v. Smith, 220 F.3d 306, 325 (4th Cir. 2000)).The plaintiff must now seek written permission from the Fourth Circuit Court of Appeals for permission to file a successive petition under §2255.  Without this permission, this court is without jurisdiction to hear the case.

To the extent that the petitioner is not filing the case as a *habeas corpus* petition and the case was in fact filed *in forma pauperis*, the case is also without merit. There is no real case or controversy to warrant a declaratory judgment action in this civil rights suit.

After a review of the magistrate judge's Report and Recommendation, this Court finds that the report is based upon the proper law.  Even under the less stringent standard for reviewing *pro se* pleadings, Plaintiff clearly fails to allege facts setting forth any claims over which this Court can exercise jurisdiction.  This Court will accept and adopt the magistrate judge's Report and Recommendation, however, the dismissal is not deemed as a strike and the plaintiff has not incurred a debt to the United States.

The Clerk of Court is directed to notify the Bureau of Prisons to not collect funds from the plaintiff.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice and without issuance of service of process.

IT IS ALSO ORDERED that all other pending motions be dismissed as moot.

IT IS SO ORDERED.

                                                _____
                                                G. ROSS ANDERSON, JR.
                                                UNITED STATES DISTRICT JUDGE

January  9 , 2009
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.